## UNITED STATES DISTRICT COURT      EASTERN DISTRICT OF TEXAS

RODNEY BRIDGES,      §
     §
        Petitioner,      §
     §
*versus*      §     CIVIL ACTION NO. 1:19-CV-30
     §
     §
WARDEN, FCI BEAUMONT LOW,      §
     §
        Respondent.      §

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Rodney Bridges, a federal prisoner formerly confined at FCI Beaumont Low, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court referred this matter to the Honorable Keith Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be dismissed for failure to exhaust administrative remedies.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Petitioner filed objections to the Magistrate Judge's Report and Recommendation on February 21, 2019.[1] This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

---

[1]   Petitioner filed a Motion for Reconsideration (docket entry no. 5). This court liberally construes the Motion for Reconsideration as Objections to the Report and Recommendation of United States Magistrate Judge.

Petitioner originally claimed the BOP miscalculated his sentence and failed to properly award him good time credits. As a result, petitioner alleged he would miss the opportunity to benefit from prerelease custody or the Second Chance Act.

A review of the Bureau of Prison's website reveals, however, that petitioner was released on July 31, 2019.[2] Petitioner has not updated the Court with a current address in order for the court to communicate with him further.

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). The "case or controversy" requirement subsists throughout the case during all stages, and a case becomes moot if it no longer presents a case or controversy. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis*, 494 U.S. at 477-78). Generally, any set of circumstances eliminating the controversy after the lawsuit is filed renders the case moot. *Center for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006). A case becomes moot "when the issues presented are no longer alive or the parties lack a legally cognizable interest in the outcome." *United States v. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396-97 (1980)

A petitioner does present an Article III controversy when he demonstrates "some concrete and continuing injury other than the now-ended incarceration" -- a "collateral consequence of the conviction." *Spencer*, 523 U.S. at 7. For the courts to exercise jurisdiction over a petitioner no longer in custody, that petitioner must demonstrate both that he was in custody when he filed the petition, and that his subsequent release has not rendered the petition moot. *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004).

---

[2]     https://www.bop.gov/inmateloc/

Since his release, petitioner has not contacted the court with a new address.  Petitioner has not demonstrated to the court he has a continuing injury after his release, and he may have lost interest in pursing his claims for early release due to the claims being moot.

## ORDER

Accordingly, the objections of the plaintiff are **OVERRULED**.  The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **PARTIALLY ADOPTED** to the extent it recommends dismissal.  The dismissal will be without prejudice.  A Final Judgment will be entered in accordance with the recommendations of the Magistrate Judge.

SIGNED at Beaumont, Texas, this 28th day of August, 2019.

*Marcia A. Crone*

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE